69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul ODEN, Plaintiff-Appellant,
v.
Dr. CONKLIN, et al., Defendants-Appellees.
 No. 94-2504.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1995.[1]
Decided Oct. 25, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Paul Oden, an Illinois state prisoner, filed a pro se civil rights suit pursuant to 42 U.S.C. Sec. 1983, against defendants, various correctional officials and health care providers at Pontiac Correctional Center, alleging that they prescribed extra strength tylenol that failed to relieve his pain, and failed to give him a prescribed dose of prednisone on one occasion in 1992. The district court granted defendants' motion to dismiss with prejudice. Fed.R.Civ.P. 12(b)(6).
 
 
 2
 This court reviews de novo the dismissal of a complaint for failure to state a claim, accepting all material allegations made in the complaint as true and drawing all reasonable inferences from the allegations in plaintiff's favor. Kolman v. Sheahan, 31 F.3d 429, 431 (7th Cir.1994). We will affirm the dismissal if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 3
 Supervisory officials cannot be held liable for violations committed by their subordinates. Maltby v. Winston, 36 F.3d 548, 559 (7th Cir.1994); Rascon v. Hardiman, 803 F.2d 269, 273-74 (7th Cir.1986). The defendants acting in a supervisory capacity were properly dismissed.
 
 
 4
 In regard to the non-supervisory defendants, plaintiff was required to allege deliberate indifference to his medical needs. In order to state an eighth amendment claim, an inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference exists when an official knows of and disregards a serious medical condition and the official is "aware of facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 5
 Plaintiff's complaint alleges that he suffers from lupus erythematosus. In October 1992, a rheumatologist prescribed prednisone and extra strength tylenol for his pain. Plaintiff complained to the prison medical director and another prison physician, stating that he believed the extra strength tylenol would not relieve his pain and that he would prefer a prescription for naprosyn. In addition, plaintiff alleges that on October 30, 1992, he did not receive his daily dose of prednisone promptly.
 
 
 6
 Even when these allegations are taken as true, at most they allege negligence, which is insufficient to support an eighth amendment claim of deliberate indifference. Failure to achieve immediate pain relief with medication, or disagreement with the type of pain medication given, does not constitute deliberate indifference. See, e.g., Caldwell v. Woodford County Chief Jailer, 968 F.2d 595, 602 (6th Cir.1992) (no deliberate indifference where no evidence in the record to show that prescribing only a mild pain medication caused plaintiff to suffer significant injury). And occasionally missing a dose of routine medication does not demonstrate deliberate indifference. See, e.g., Mayweather v. Foti, 958 F.2d 91, 95 (5th Cir.1992) (deficiencies in prison medical system are minimal where prison officials only occasionally miss a dose of medication for plaintiff-inmate); Holmes v. Sheahan, 930 F.2d 1196, 1201-02 (7th Cir.1991) (inmate who was forced to wait eight months for medication for a painful skin condition did not have a colorable Sec. 1983 claim); Sires v. Berman, 834 F.2d 9, 13 (1st Cir.1987) (inmate with heart condition missed a morning dose of medication; no showing that this was "an instance of callous disregard in the face of a pressing medical emergency"). The district court properly dismissed plaintiff's complaint with prejudice for failure to adequately set forth an eighth amendment claim of deliberate indifference.
 
 
 7
 Finally, while plaintiff does not challenge this portion of the district court decision, we note that the district court imposed an injunction prohibiting plaintiff from filing further lawsuits without meeting certain requirements. The court stated:
 
 
 8
 Due to the plaintiff's indigence and pro se status, the court will not award attorney's fees in this action. However, the court will enter a regulatory injunction restricting the plaintiff's unbridled litigation; in addition, the court will not hesitate to impose sanctions in the future if the plaintiff continues to bombard the court with frivolous lawsuits.
 
 
 9
 The plaintiff has filed ten lawsuits in this court alone in the past eight months. To date, none of the actions has survived a dispositive motion. It is clear that the plaintiff is filing actions without performing any research whatsoever, as well as without regard to their constitutional merit, or whether the matter already has been adjudicated. It has become plain that steps must be taken to alleviate the enormous burdens placed on the court and its staff by the plaintiff.
 
 
 10
 The district court noted that its "previous, mild admonitions" had gone unheeded and had been unsuccessful in "stemming the tide of the plaintiff's unfounded lawsuits." Accordingly, the district court imposed the following regulatory injunction on June 10, 1994:
 
 
 11
 The plaintiff is barred from filing any future lawsuits without first obtaining leave of court. The motion for leave to file must be accompanied by a proposed complaint ... and must either: (a) be prepared and filed by a licensed attorney or (b) if filed by the plaintiff pro se, be accompanied by a memorandum of law in support of plaintiff's claims. The memorandum must include an affidavit certifying that the claims the plaintiff wishes to present are new and have never before been raised in any court and are not barred by the statute of limitations.
 
 
 12
 This court has also received numerous unfounded filings from Oden, often concerning petty grievances or incomprehensible briefs.[2] We now warn plaintiff that in the future we will seriously consider entering an order requiring plaintiff to obtain the court's permission before filing an appeal, and imposing any other sanctions that we believe to be necessary.[3] See Homola v. McNamara, 59 F.3d 647, 648-49 (7th Cir.1995) (warning plaintiff that his suit was "vexatious and intolerable, a ground for sanctions and, if the offense recurs, an order closing the courthouse doors").
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The appellees have informed the court that they will not be filing a brief in this appeal. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The appellant has not filed such a statement. The appeal is submitted on the record and the appellant's brief
 
 
 [2]
 Oden has filed at least nine appeals in the last 1 1/2 years. See, e.g., Oden v. Henderson, No. 94-3364 (7th Cir. Sept. 20, 1995) (unpublished order) (affirming dismissal of claim that prison was deliberately indifferent to his medical needs when they denied him tennis shoes at state expense; court also notes that appellate brief was grossly inadequate and therefore forfeited review of the judgment); Oden v. Shettleworth, No. 95-1396 (7th Cir. July 31, 1995) (unpublished order) (finding no deliberate indifference resulting from prison's refusal to give plaintiff an extra mattress)
 
 
 [3]
 For an example of the type of restraints we have imposed in the past, see Support Systems Int'l, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995)