86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul ODEN, Plaintiff-Appellant,
v.
Charles ROPER, Owen Murray, Richard Gramley, Howard Peters,
Albert Escavale, Defendants-Appellees.
 No. 95-2673.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1996.[1]
Decided May 15, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Paul Oden, an inmate at the Pontiac Correctional Center in Illinois, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights when defendants, correctional officials and prison health care providers, were deliberately indifferent to his medical needs and denied him due process in disciplinary proceedings.
 
 
 2
 The "brief" presented by plaintiff in this appeal contains nothing but an appendix of documents filed in the district court. This court has previously held that plaintiff must comply with the appellate rules of procedure. Oden v. Henderson, No. 94-3364 (7th Cir. Sept. 20, 1995) (unpublished order) (Oden forfeited review of the judgment because his brief was grossly inadequate). The brief in the present appeal was filed October 4, 1995, shortly after we issued the decision in No. 94-3364. We again hold that Oden has forfeited review of the judgment and order appealed. See Prymer v. Ogden, 29 F.3d 1208, 1214 (7th Cir.1994).
 
 
 3
 We add our observation that the district court referred to a regulatory injunction which it had previously entered against plaintiff, barring him from filing any additional lawsuits without leave of court. See Oden v. Conklin, No. 93-1473 (C.D.Ill. June 10, 1994) (unpublished order). This court has warned plaintiff that it too will enter a regulatory order if it deems necessary. Oden v. Conklin, No. 94-2504 (7th Cir. Oct. 25, 1995) ("We now warn plaintiff that in the future we will seriously consider entering an order requiring plaintiff to obtain the court's permission before filing an appeal, and imposing any other sanctions that we believe to be necessary"), 1995 WL 632467 at * * 2. See, e.g. United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 674 (7th Cir.1995); Homola v. McNamara, 59 F.3d 647, 648-49 (7th Cir.1995); Support Systems Int'l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir.1995).
 
 
 4
 This case comes close. The claims raised here have been spread piecemeal through many previous appeals. In the present § 1983 action, Oden complains that in 1992 he suffered from a hiatal hernia resulting from medications taken for his systemic lupus erythematosus, and suffered from an injured finger, and consequently should have been transferred to convalescent status in April 1992 and not assigned a prison job. He alleges that a disciplinary report issued September 16, 1992 should have required the adjustment committee to contact the medical director, and instead the committee only reviewed his medical records. Whether Oden should have been on convalescent status in 1992 and 1993 has been the subject of several previous appeals. Oden v. Mueller, No. 94-1946 (7th Cir. July 13, 1995) (unpublished order); Oden v. Wall, No. 94-2833 (7th Cir. Oct. 26, 1995) (unpublished order). The question of the hiatal hernia was specifically addressed in Oden v. Mueller, No. 94-1946 (7th Cir. July 13, 1995) (unpublished order) (finding no Eighth Amendment violation).
 
 
 5
 Oden has filed ten appeals in the last three years. In all but two, we have been forced to issue a Rule to Show Cause, for reasons including failure to prosecute the appeal, at some point during the appellate proceedings. We recently dismissed an appeal by Oden for failure to file a docketing statement. Oden v. Castrovillo, No. 95-3989 (7th Cir. Feb. 13, 1996) (unpublished order).
 
 
 6
 Our warning was issued on October 25, 1995. Oden had previously filed his brief in this case on October 4, 1995. Thus, we postpone imposing sanctions on Oden at this time, but add a forceful admonition that this is the last chance and no further deferrals will be forthcoming.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)