108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jacob SAMPSON, Plaintiff-Appellant,
v.
Colen HANSEN, Defendant-Appellee.
Jacob SAMPSON, Plaintiff-Appellant,
v.
David R. CREAGH, Defendant-Appellee.
Jacob SAMPSON, Plaintiff-Appellant,
v.
CONSUELO E. BEDOYA, Judge, CYNTHIA E. CERVINI, and JOHN R.
RUDDY, Defendants-Appellees.
 Nos. 96-1280, 96-1589 and 96-3131.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 5, 1997.*
Decided March 6, 1997.
Rehearing Denied in No. 96-3131 April 7, 1997.
 
 Before BAUER, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Upset by the adverse outcomes of three proceedings in Illinois state court, Jacob Sampson brought federal civil rights actions each demanding declaratory judgment "that disposition of the state court ... was entered in error" and "[t]hat the judgments of the State Circuit and Appellate Courts be reversed," plus money damages. The district courts immediately zeroed in on, and carefully explained, the fatal jurisdictional problem presented by this sort of prayer for relief: the district court simply does not have jurisdiction to review state court judgments, a principle known as the Rooker-Feldman doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). All of Sampson's claims, which appear to allege a racially motivated conspiracy to deprive him of his civil rights, are "inextricably intertwined" with his central attack on the state court judgment and thus are outside federal jurisdiction. See Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3531 (U.S. Jan. 24, 1997); Ritter v. Ross, 992 F.2d 750, 753-54 (7th Cir.1993). Undaunted, Sampson brings this consolidated appeal.[1]
 
 
 2
 Sampson recognizes the applicability of Rooker-Feldman and argues for an exception where the defendants are private parties (three of the original defendants are state court judges, but Hansen, Creagh, Cervini, and Ruddy are not) or for civil rights actions. The Rooker-Feldman doctrine, however, concerns the propriety of federal review of state court judgments, not the private or public status of the parties, and it clearly applies to actions such as this. Sampson otherwise asserts that the doctrine is "irrelevant" without explanation. Given this insuperable jurisdictional bar, it is unnecessary to address the numerous additional defects in Sampson's federal lawsuits.
 
 
 3
 Appellee Cervini has moved for sanctions pursuant to Federal Rule of Appellate Procedure 38. A brief review of our docket reveals that, aside from the three appeals decided today, Sampson has resorted to litigation to air a variety of his grievances in a way that borders on harassment. Although we have determined that these appeals are frivolous, we do not yet believe that sanctions are appropriate. This is, however, Sampson's final warning: any further frivolous appeals will subject him to monetary fines and a possible bar order pursuant to Support Systems International, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir.1995), forbidding his filing of any further legal papers in any court within this circuit.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This court earlier granted Sampson's motion to consolidate appeal numbers 96-1280 and 96-1589; because the ground of decision is identical, this panel hereby orders these appeals further consolidated with appeal number 96-3131 for purposes of disposition