Michael C. BRIDGES, Petitioner–
Appellant,

v.

Cecil DAVIS, Respondent–Appellee.

Nos. 03–2378, 03–2902.

United States Court of Appeals,
Seventh Circuit.

Submitted March 19, 2004.*

Decided March 25, 2004.

---

* After an examination of the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* Fed. R.App. P. 34(a)(2).

Michael C. Bridges, Michigan City, IN, pro se.

Monika Prekopa Talbot, Andrew K. Kobe, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Indiana prisoner Michael Bridges twice refused to provide a urine sample for a random urinalysis test. Both times a Conduct Adjustment Board (CAB) found him guilty of refusing to provide an adequate urine specimen and sanctioned him with the loss of good time credits. He filed two separate petitions for a writ of habeas corpus, each of which the district court denied. We have consolidated these two cases for decision on appeal, and now affirm the district court's rulings.

Early in 1999, a Sgt. Ludwig filled out a conduct report charging Mr. Bridges with failure to provide a urine sample for the prison's random urinalysis program. According to the report, Mr. Bridges was asked to provide a urine specimen and refused to do so. Mr. Bridges received a CAB hearing notice, and in response he submitted a statement acknowledging that he refused an order to "go pee in a cup," but maintaining that he was guilty only of refusing to follow a direct order. The CAB disagreed, finding Mr. Bridges guilty of DOC offense B–241, "[r]efusal to submit to a test to determine the presence of a controlled substance or alcohol as ordered by staff, including failure to provide an adequate or unadulterated specimen for testing purposes." As a sanction the board revoked 180 days' earned credit time, which it later modified to a loss of 90 days.

Late in 2000, a Sgt. Tatum filed another conduct report charging again that Mr. Bridges refused to provide a urine specimen. The report stated that Mr. Bridges had been asked to provide a urine sample and that he had refused. At the hearing, Mr. Bridges admitted that he had refused an order from a correctional officer to report for the drug test, but reiterated that he should be found guilty only of disobeying an order. A CAB again found Mr. Bridges guilty of refusing to provide an adequate specimen and sanctioned him with the loss of 90 days' earned credit time.

After exhausting his administrative remedies in each case, Mr. Bridges filed petitions for habeas corpus seeking relief from the sanctions. In both petitions he argued that prison staff revoked his good-time credits without affording him due process, and that the prison's administration of the drug test constituted an illegal search and seizure as well cruel and unusual punishment. The district court separately dismissed both petitions, concluding that the CAB's proceedings comported with due process, and that the prison's random drug testing program did not violate the Fourth or Eighth Amendments.

Without elaborating, Mr. Bridges contends that he was denied due process in each of his hearings because there was only enough evidence in each case to find him guilty of refusing to obey an order. Mr. Bridges seems to argue that because his conduct supported a finding that he refused to obey an order, his conduct could not support a finding that he refused to

provide a urine sample. But one set of facts can support two different types of offense. *See Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir.2003) (facts sufficient to find inmate guilty of conspiracy and bribery also sufficient to find him guilty of attempted trafficking). We will uphold the CAB's sanctions, then, as long as Mr. Bridges was afforded due process.

Indiana prisoners have a protected liberty interest in good-time credits and must be afforded due process before those credits are taken away. *See McPherson v. McBride,* 188 F.3d 784, 785–86 (7th Cir. 1999). Due process requires that an inmate receive 24 hours' written notice of the charge, an opportunity to present evidence to an impartial decision maker, and a written statement that both explains the board's decision and is supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). A decision is supported by "some evidence" if there is any evidence in the record that could support the board's conclusion. *Id.* at 455–56.

■ In Mr. Bridges' 1999 proceeding, the CAB based its finding on the conduct report and witness statements. The conduct report stated, and Mr. Bridges did not dispute, that he refused to provide a urine sample. That report alone was sufficient to satisfy the "some evidence" standard. See *McPherson,* 188 F.3d at 786.

■ The CAB's findings in Mr. Bridges' second proceeding are also sufficiently supported by the underlying conduct report, which stated that Mr. Bridges refused to provide a urine sample. Mr. Bridges contends that regardless of whether there was evidence to find him guilty in his second hearing, this second proceeding was deficient because he had requested "the random list for testing" before the hearing and had never received a list of names of prisoners being tested. But his right to present evidence does not include a right to offer what is irrelevant, *see Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir.2002), and Mr. Bridges has not explained how the list of those being randomly tested was relevant to the board's finding of guilt. There was no due process violation here.

■ Mr. Bridges also raised a couple of arguments for the first time in his petition to the district court. However, these arguments are procedurally defaulted because these were not raised during either of his administrative appeals. *See Moffat v. Broyles,* 288 F.3d 978, 981–82 (7th Cir. 2002) (absent showing of prejudice, argument would not be considered by federal court because petitioner had not raised it during his administrative appeals). Mr. Bridges has not attempted to make a showing of prejudice, and accordingly his remaining arguments are defaulted.

We also note that Mr. Bridges has numerous appeals pending before this court concerning other instances when he refused to provide a urine sample. We now warn Mr. Bridges that if he makes an argument in his other appeals that duplicates an argument rejected in this order, then he may be subject to sanctions or restrictions on future litigation. *See generally Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995).

For the reasons above, the district court's judgments are AFFIRMED.