**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2010[*]
Decided April 15, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-1325

| | |
|---|---|
| SYLVESTER THOMAS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-C-50 |
| J.B. VAN HOLLEN, et al., | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Sylvester Thomas was convicted by a Wisconsin court in 1992 of third-degree sexual assault. *See* WIS. STAT. § 940.225. According to Thomas, he was scheduled to be released from prison on October 14, 2007, but, instead, the state initiated his civil commitment as a sexually violent person. *See id.* § 980. Thomas is currently held in the Wisconsin Resource

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Center and has filed numerous actions in both federal and state court challenging his detention. The written decisions from these actions are not in the record, but we know that Thomas's civil commitment has not been invalidated. In this latest litigation Thomas is suing a Wisconsin judge and several clerks of federal and state courts, alleging that they conspired with the state's Attorney General and Secretary of the Department of Health Services to thwart his release from confinement. He brings his latest complaint under 42 U.S.C. § 1983, now arguing that the defendants' actions violated his Fifth, Eighth, and Fourteenth Amendment rights. He seeks damages and his release from confinement. The district court dismissed Thomas's complaint, reasoning that the lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and that the complaint would fail to state a claim even if *Heck* did not apply.

Thomas's contentions are hard to follow, but it is clear that he wants to be released from his § 980 confinement. As the district court explained, if Thomas wishes to challenge the validity of his detention, he must file a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). Thomas is already aware of this requirement, and, in fact, on June 30, 2009, he filed a petition for habeas corpus under 28 U.S.C. § 2254 in which he challenges his involuntary commitment and advances some of the same arguments that he makes in this § 1983 action. *See Thomas v. Bartow*, No. 09-3480 (7th Cir. Mar. 1, 2010). Thomas cannot sue for damages under § 1983 unless and until his detention has been declared invalid through the proper channels, and, on that basis, his complaint was properly dismissed. *See Heck*, 512 U.S. at 486-87; *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995).

Accordingly, we AFFIRM the judgment of the district court.