NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 16, 2010[*]
Decided June 17, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1864

| | |
|---|---|
| SYLVESTER THOMAS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-C-171 |
| WILLIAM A. SCHMITT, *Defendant-Appellee.* | William C. Griesbach, *Judge.* |

**O R D E R**

This is Sylvester Thomas's fourth lawsuit brought under 42 U.S.C. § 1983 challenging some aspect of his civil commitment as a sexually violent person.  *See* WIS. STAT. § 980; *Thomas v. Van Hollen*, No. 10-C-50 (E.D. Wisc. Jan. 28, 2010) (dismissing suit challenging constitutionality of Wisconsin's system of involuntary commitment of sexually violent persons), *aff'd*, No. 10-1325, 2010 WL 1508515 (7th Cir. Apr. 15, 2010); *Thomas v. Van Hollen*,

---

[*]The defendant was not served with process in district court and is not participating in this appeal.  After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* FED. R. APP. P. 34(a)(2)(B).

No. 10-C-46 (E.D. Wisc. Jan. 28, 2010) (same); *Thomas v. McMahon*, 09-C-1009 (E.D. Wisc. Nov. 2, 2009) (dismissing suit challenging rulings on motions filed in Chapter 980 proceeding and evidence used to have him committed).  In his latest challenge, Thomas sued the psychologist who evaluated him in anticipation of the Chapter 980 hearing. Thomas sought damages, alleging that in his evaluation the psychologist falsified data and relied on outdated criteria to assess his dangerousness.  The district court dismissed the suit before service, *see* 28 U.S.C. § 1915(e)(2)(ii), reasoning that Thomas's claims are barred by *Heck v. Humphry*, 512 U.S. 477 (1994).

On appeal, Thomas renews his contentions that the psychologist lied in his report. But if this is true, the falsified report calls into question the validity of Thomas's commitment, which is based on that report.  Thomas may not sue for damages under § 1983 unless and until his commitment has been invalidated.  *Heck*, 512 U.S. at 486-87; *see Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005).  At this point, Thomas's remedy for errors in the Chapter 980 proceeding lies in his habeas corpus proceeding.

AFFIRMED.