**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 22, 2010[*]

Decided July 23, 2010

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 10-2100 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| SYLVESTER THOMAS, *Plaintiff-Appellant*, | |
| *v.* | No. 10-C-314 |
| J.B. VAN HOLLEN, *et al.*, *Defendants-Appellees*. | William C. Griesbach, *Judge*. |

## Order

Sylvester Thomas is confined at the Wisconsin Resource Center on a civil commitment as a sexually violent person. See Wis. Stat. §§ 980.01 to 980.14. In this action under 42 U.S.C. §1983, he contends that the Center's employees failed to protect him from an assault by another patient, falsified a disciplinary report, and conducted a sham hearing on the charge. The district court screened Thomas's complaint and dismissed it on the ground that it fails to state a claim. See 28 U.S.C. §1915(e)(2)(B)(ii); *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997).

Thomas's complaint is short on facts and long on legal assertions, but we accept the described events as best we understand them. See *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 820 (7th Cir. 2009). Thomas was attacked by another patient who entered his private room unnoticed by staff members who were engaged in horseplay. Thomas tried to restrain his attacker, suffering physical and psychological injuries in the process. He received a disciplinary report for "fighting and disruptive behavior." According to Thomas, the Center's staff and administrators conspired to falsify that report. He supports this assertion by pointing to a mistake in the report about the fight's

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

location and to a signature that he says is a forgery. Thomas appended to his complaint a statement from another patient who witnessed the altercation. That witness recounts that staff members yelled loudly and repeatedly in an attempt to break up the fight, and that one employee who intervened was injured and required medical attention. Thomas refused to participate in the disciplinary hearing, believing that it had been rigged and that the hearing committee planned to retaliate for grievances he had filed against two of its members. The committee reviewed the video recording made by a security camera and found Thomas guilty of the charges. He was demoted for two weeks to what Thomas calls "level D status." (We do not know what this entails.)

To recover damages for injuries he suffered in the attack, Thomas would need to show that defendants displayed deliberate indifference toward a risk that he was in danger. See *Farmer v. Brennan*, 511 U.S. 825 (1994). But the complaint does not allege that any defendant knew that an attack was planned, or even that Thomas was at risk. Moreover, the district court explained, the other patient's statement attached to the complaint demonstrates that the Center's employees reacted promptly and effectively to end the altercation. With respect to the disciplinary hearing, the district judge concluded that demotion to the mysterious "level D status" did not deprive Thomas of a liberty interest, see *Sandin v. Conner*, 515 U.S. 472 (1995), and that his refusal to participate in the hearing waived any entitlement to complain about how the hearing had been conducted.

On appeal Thomas asks us to "review the original complaint," which we have done. His brief asserts that the district court "ignored" him and "disregard[ed] my rights" but does not offer any legal argument. Thomas repeats his complaint's allegations, but repetition differs from an attempt to demonstrate that the allegations establish that a legal wrong has occurred. The brief accuses the district judge of conspiring with the defendants, but to support this serious charge Thomas offers neither facts nor argument. Although we do not expect pro se litigants to have lawyers' command of the law or facility in presenting arguments, every litigant must do more than assert generalized, unsupported, and shallow claims of error. See Fed. R. App. P. 28(a)(9)(A); *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008). In particular, an appellant's brief must respond to the district court's analysis and articulate a basis for disagreeing with the court's ruling. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Thomas does not address the district judge's reasons; he insults the judge but does not undermine his conclusions.

Thomas has become a frequent litigant. Within the last year he has filed at least four other suits arising from his civil commitment. See *Thomas v. Schmitt*, No. 10-C-171 (E.D. Wis. Mar. 3, 2010) (holding that suit challenging validity of psychological evidence presented at commitment proceeding is foreclosed by *Heck v. Humphrey*, 512 U.S. 477 (1994)), aff'd, No. 10-1864 (7th Cir. June 17, 2010); *Thomas v. Van Hollen*, 2010 U.S. Dist. LEXIS 61313 (E.D. Wis. Jan. 28, 2010) (applying *Heck* to dismiss suit challenging civil commitment); *Thomas v. Van Hollen*, 2010 U.S. Dist. LEXIS 60483 (E.D. Wis. Jan. 28, 2010) (applying *Heck* to dismiss a challenge to civil commitment and dismissing as "unintelligible" a claim that court officials interfered with Thomas's access to the courts), aff'd, No. 10-1325 (7th Cir. Apr. 15, 2010); *Thomas v. McMahon*, 2009 U.S. Dist. LEXIS 102226 (E.D. Wis. Nov. 2, 2009) (applying *Heck* to dismiss a suit challenging the evidence presented at Thomas's commitment proceeding). These descriptions show that Thomas's suits are repetitious as well as frivolous. He should take to heart the judicial opinions that tell him why he has lost these suits. Continuation of this frivolous litigation will lead to an order suspending Thomas's privilege of litigating without prepaying the $455 filing fee for each suit and requiring him to pay a fine or other penalty. Failure to pay that sanction will lead to an order preventing him from filing or litigating any civil suit. See *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). If Thomas

wants to retain the right to pursue serious grievances, he must immediately desist from all frivolous litigation, and in particular he must not repeat contentions that the judiciary has already told him are unwarranted.

This appeal is dismissed as frivolous.