NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010[*]
Decided October 29, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 10-2765 | |
| | Appeal from the United States District |
| SYLVESTER THOMAS, | Court for the Eastern District of |
|     *Plaintiff-Appellant*, | Wisconsin. |
| | |
|     *v.* | No. 10-C-557 |
| | |
| MIKE PRIEBE, et al., | William C. Griesbach, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Sylvester Thomas is civilly committed by the State of Wisconsin as a sexually violent person. *See* WIS. STAT. § 980. In this action under 42 U.S.C. § 1983—one of five lawsuits filed by Thomas in the past year and by far the most frivolous—he contends that an employee at the Wisconsin Resource Center refused to serve him ice cream during an ice-

---

[*] The appellees were never served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

cream social. His complaint and its attachments disclose that Thomas was turned away after he failed to persuade the employee that his status as a "Level B" patient did not disqualify him from participating in the event, and although nothing at all was said about race, Thomas insists that the denial was motivated by racial animus. Thomas attributed the same animus to administrators—also named as defendants—who resolved his grievance by concluding that the employee had simply made a mistake about the eligibility criteria. The district court screened the complaint and dismissed it for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). We affirm the judgment.

In dismissing the complaint, the district court concluded that Thomas had not satisfied the minimal pleading burden of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), the court reasoned that the complaint is speculative and does not permit even a plausible inference that race motivated the employee's action. Thomas does not contest this conclusion on appeal, and that is reason enough to affirm the judgment. *See United States v. Blagojevich*, 612 F.3d 558, 560 (7th Cir. 2010); *Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 678 (7th Cir. 1990).

We have said in another context that "the concept of equal protection is trivialized when it is used to subject every decision made by a state or local government to constitutional review by federal courts." *Ind. State Teachers Ass'n v. Bd. of Sch. Comm'rs of the City of Indianapolis*, 101 F.3d 1179, 1181 (7th Cir. 1996); *see also Sherwin Manor Nursing Ctr. v. McCauliffe*, 37 F.3d 1216, 1221 (7th Cir. 1994). That proposition encapsulates this case. This appeal is frivolous, and we warned Thomas when he was last before us that he risked sanctions under Federal Rule of Appellate Procedure 38 if he persisted in pursuing frivolous litigation. *Thomas v. Van Hollen*, No. 10-2100, 2010 WL 2993982 (7th Cir. July 23, 2010). We renew that warning here and trust he will heed it in the future.

AFFIRMED.