**SUPPORT SYSTEMS INTERNATIONAL, INC., Plaintiff–Appellee,**

v.

**Richard MACK, Defendant–Appellant.**

Nos. 94–3287, 94–3435.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 28, 1994.

Decided Jan. 11, 1995.

Richard Mack, pro se.

Kirk D. Strang, Peter L. Albrecht, Godfrey & Kahn, Madison, WI, for Support Systems Intern., Inc.

Before POSNER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.

PER CURIAM.

Many pleadings and other papers filed in this court as in other courts have no legal merit whatsoever; they are frivolous, sometimes vicious, not infrequently demented. Most of these frivolous filings are by people who are not assisted by counsel or knowledgeable in the law. Some of these people find it very difficult to understand or, if they understand, accept the orders that this court issues terminating their frivolous litigation. They keep on filing. When monetary sanctions are levied on them for their obduracy, they refuse to pay. Their repetitive filings have no greater merit than their original filings, but the cumulative effect in clogging the processes of the court and in burdening judges and staff to the detriment of litigants having meritorious cases is significant.

This case illustrates the problem and challenges us to be imaginative in its solution. Richard Mack was sued in a Wisconsin state court by SSI, Inc. over a piece of machinery. He sought to remove the suit to federal district court. There was no legal basis for such removal, and the district court imposed a $100 sanction on Mack which he was to pay to his adversary, SSI, for filing a frivolous petition to remove. Mack did not pay but instead created a Wisconsin corporation having the same name as his adversary and advised the district court that he *had* paid the sanction, as ordered, to SSI—but he meant his own corporation, though he did not tell the court this. When the district court learned of his fraud, it increased the sanction to $500, and Mack, again without complying,

appealed to this court—appealed and asked us to strike the appearance of the law firm that represents his adversary, on the ground that SSI had fired the firm. But Mack was referring to *his* SSI, whereas the law firm represents the SSI that had sued him in state court. The motion was denied, but Mack renewed it, and this time in denying his motion we directed him to show cause why we should not summarily affirm the district court's sanctions order and impose additional sanctions under Rule 38 of the Federal Rules of Appellate Procedure. Mack did not respond and on July 21, 1994, we summarily affirmed the district court's order and imposed an additional sanction on Mack (again payable to his adversary) of $5,000. The district court meanwhile enjoined Mack from filing any additional motions without leave of court, and he has appealed from the injunction as well as from the district court's order imposing the $500 sanction. He has also taken to sending abusive letters to judges of this court. And he has yet to pay a cent of the sanctions imposed on him.

Behavior of this character cannot be tolerated. The judicial authority to curb it is ample. See, e.g., *In re Anderson,* —— U.S. ——, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994) (per curiam); *Sassower v. Mead Data Central, Inc.,* —— U.S. ——, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993) (per curiam); *Sassower v. American Bar Association,* 33 F.3d 733 (7th Cir.1994) (per curiam); *Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir.1993); *Martin–Trigona v. Sassower,* 9 F.3d 226, 228 (2d Cir.1993); *Gelabert v. Lynaugh,* 894 F.2d 746, 748 (5th Cir.1990) (per curiam). The only question is the most effective form in which to exercise that authority in this case, consistent with the Supreme Court's admonition that any sanction imposed by a federal court for the abuse of its processes be tailored to the abuse. *In re Anderson, supra,* —— U.S. at ——, 114 S.Ct. at 1608; *Sassower v. Mead Data Central, Inc., supra,* —— U.S. at ——, 114 S.Ct. at 3. We should therefore consider a range of possible alternatives. The imposition of monetary sanctions has had no effect on Mr. Mack, and the costs and delay in the enforcement of such sanctions counsel against our simply ratcheting up the bill, which has grown from $100 to $5,500 with no effect on Mack's proclivity for frivolous filings. Nor has the repeated rejection of his groundless, fraudulent filings had any effect on him other than to incite him to redouble his filings and to escalate from filing papers with the clerk of court to attempting to correspond with the judges directly. This must stop.

■ Often in such situations—and they are distressingly common—courts enjoin the frivolous litigant from filing any paper with the court or its personnel without express prior authorization by a judge of the court. E.g., *Vinson v. Heckmann,* 940 F.2d 114 (5th Cir.1991) (per curiam). The problem with that response is that it places on the court, specifically the designated judge, the burden of reading the litigant's requests for authorization to file. It allows the barrage to continue, just with different labels on the filings and perhaps with fewer judges having to read the filings. A response less burdensome to the judiciary, and the one we adopt in this case on the authority of *In re Anderson, supra; Gelabert v. Lynaugh, supra; In re United Markets Int'l, Inc.,* 24 F.3d 650 (5th Cir.1994) (per curiam); and the cases cited in *Martin–Trigona v. Sassower, supra,* 9 F.3d at 228–29, is to direct the clerks of all federal courts in the circuit to return unfiled any papers that the litigant attempts to file, unless and until he pays in full the sanctions that have been imposed against him. See also *Sato v. Plunkett,* 154 F.R.D. 189 (N.D.Ill.1994). We make an exception for any criminal case in which Mack is a defendant and for any application for habeas corpus that he may wish to file. That is, we will not impede him from making any filings necessary to protect him from imprisonment or other confinement, but we will not let him file any paper in any other suit in the federal courts of this circuit until he pays the money he owes.

■ Perpetual orders are generally a mistake. We therefore authorize Mr. Mack to submit to this court, no earlier than two years from the date of this order, a motion to modify or rescind the order. We have considered but rejected two other exceptions.

 

The first is for civil rights suits. These protect liberty, though not in quite the same sense as the defense of a criminal case or a writ of habeas corpus. But there are three independently sufficient reasons not to make an exception for civil rights suits in this instance. The first is that one who like Mr. Mack has made repeated efforts to defraud the federal courts and who has defied and scoffed at their orders and abused their personnel has no equity to bring any sort of civil action other than, at most, an action for habeas corpus until he has complied with the outstanding orders against him. The second reason against the exception is that the efficacy of a no-filings order as a means of coercing Mack to comply with the sanctions orders already entered against him would be undermined by so broad an exception as one for all civil rights suits. Third, he could no doubt recast his frivolous filings in the form of civil rights complaints, a ploy that the court could defeat only by a laborious specification of the subject matter encompassed by the filings—laborious not only to draft, but also to monitor.

The second possible exception to the no-filings order would be for proof of indigency. Maybe Mr. Mack does not have $5,500. But he has never suggested this, though asked to explain why he had not paid any part of the sanctions imposed against him, including the very modest $100 with which the district court began. We do not see why we should now invite him to plead poverty. Our direction to the clerks of court, moreover, is limited to the *federal* courts of this circuit. The state courts remain open to Mack, and most federal claims can be litigated in state court. Our order is also, as we have stressed, time-limited.

As explained in this opinion, the clerks of the federal courts of this circuit are hereby ORDERED to return unfiled any papers submitted to these courts either directly or indirectly (as by mail to individual judges) by or on behalf of Richard Mack, with the exception noted in the opinion. The injunction issued by the district court, though of limited significance in light of our order, is AFFIRMED.