52 F.3d 329
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 David L. WHITEHEAD, Plaintiff-Appellant,
v.
BRADLEY UNIVERSITY, et al., Defendants-Appellees.
 No. 94-3440.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 27, 1995.*
Decided April 19, 1995.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In 1991 David Whitehead sued numerous persons, contending that complaints by faculty and students at Bradley University led the CIA, his former employer, to take action against him. The suit was transferred from the District of Columbia to Illinois, where it was dismissed. We affirmed on November 30, 1993, in an unpublished order, see 12 F.3d 1101 (table), and the Supreme Court denied certiorari. 114 S.Ct. 1617 (1994).
 
 
 2
 Whitehead then asked the district court to reactivate his case. The judge declined, and Whitehead did not appeal. Next Whitehead filed still another motion under Fed.R.Civ.P. 60(b). The district court denied it, observing--entirely correctly--that the arguments Whitehead makes either (a) were raised and rejected before, or (b) could have been raised before the original dismissal, or on direct appeal. This decision is correct.
 
 
 3
 We give only two examples. Whitehead's lead argument on appeal is that the district court in the District of Columbia should not have transferred the action to Illinois under 28 U.S.C. Sec. 1404(a). This contention was fully considered, and decided adversely to Whitehead, on the original appeal. Another argument is that Laura Roulier, one of the original defendants, obstructed justice by moving to the District of Columbia to defeat diversity jurisdiction. Whitehead dismissed Roulier from the case in 1991. According to his current brief, Roulier moved to Wisconsin "several months prior to the dismissal of the case." If that is so, then Whitehead could have added her as a party before the original decision of the district court, and at all events could have made on his original appeal the argument he now presents.
 
 
 4
 Rule 60(b) does not authorize an unsuccessful litigant to carry on a rear guard action. The district court properly denied Whitehead's motion. He must understand that continuing refusal to abide by the court's decision may lead to the award of sanctions under Fed.R.Civ.P. 11 and Fed.R.App.P. 38. See Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995).
 
 AFFIRMED
 
 
 *
 This successive appeal has been assigned to the original panel under Operating Procedure 6(b). After receiving a request by plaintiff for oral argument in 1993, the panel concluded that oral argument would not be helpful and decided the case on the briefs and record. This follow-on appeal gives no occasion to reconsider the decision that oral argument is unnecessary