70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael H. FRITZ, Plaintiff-Appellant,
v.
Robert L. KREISA, et al., Defendants-Appellees.
 No. 95-1897.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 14, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Michael Fritz is a tax protester. He asserts that he is not subject to the Internal Revenue Code. Last year we rebuffed his effort to collect damages from federal agents who seized some of his assets to satisfy his tax obligations. Fritz v. Hannon, No. 93-2147 (7th Cir. May 5, 1994). Now we consider his suit against several officials of Stevens Point, Wisconsin, who Fritz says are liable for their failure to prevent the IRS from seizing his assets. The district court dismissed part of the suit, granted summary judgment to defendants on the remaining legal theories, and ordered Fritz to pay the defendants' attorneys' fees.
 
 
 2
 This suit is even more frivolous than the last. State and local officials are not entitled to frustrate the enforcement of federal law, and therefore cannot be made to pay damages for their passivity. What is more, Fritz must by now be well aware that his contentions are substantively frivolous. We told him so on the last appeal, which ended with an order to pay sanctions for frivolous litigation. His basic contentions are among those that the Supreme Court has called objectively unreasonable. Cheek v. United States, 498 U.S. 192, 198 n. 7, 204-05 (1991). We therefore award sanctions to these defendants under Fed.R.App.P. 38. And because it is an abuse of the legal process to drag bystanders such as these defendants into a dispute between Fritz and the national government, we award defendants their full expenses (including attorneys' fees) as well as double costs. They have 15 days to file statements of these costs and expenses, and Fritz will have 10 days to respond.
 
 
 3
 Fritz apparently has not paid the sanctions awarded on his previous appeal; he has neither paid the sanctions awarded by the district judge in this case nor posted a supersedeas bond. We therefore give Fritz 15 days to show cause, if any he has, why he should not be subject to a filing bar under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995), until he has satisfied all awards of sanctions (including the awards in this case by the district court and this court). Fritz's response must list all sanctions against him by any federal court and state whether and when each award was satisfied.
 
 
 4
 The judgment is affirmed, sanctions are imposed, and an order to show cause is issued.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record