129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sherman H. SKOLNICK and Joseph Andreuccetti, Plaintiffs-Appellants,
v.
ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, et al.,
Defendants-Appellees.
 No. 96-4089.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 25, 1997.*
Decided Oct. 7, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinoia, Eastern Division, No. 95 C 5775; James F. Holderman, Judge.
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Sherman Skolnick and Joseph Andreuccetti, two "self-styled investigative journalists and court reformers" (Skolnick v. Doria, No. 94-3238 (7th Cir. Nov. 25, 1996), slip op. 2), have "repeatedly and methodically abused their right of access to the courts" (Skolnick v. Doria, No. 94-3238 (7th Cir. Apr. 4, 1997), slip op. 1). Like many vexatious litigants, Skolnick and Andreuccetti ignore both adverse decisions and awards of sanctions. They profess to believe that the courts are corrupt, and they scorn the results of the cases they initiate. Curiously, however, they seem to think that the corrective is--still more litigation. They expect their adversaries to accept defeat (why else file suit?), but they are themselves unwilling to recognize adverse judgments. Homola v. McNamara, 59 F.3d 647 (7th Cir.1995), holds that this approach is intolerable, and last April we entered an order under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995), that Skolnick and Andreuccetti could file no more documents, in any civil case in any court within this circuit, until they had paid all outstanding awards of sanctions. True to form, they ignored this order and tendered a reply brief in this case, which the clerk accepted in error. (It was returned two months later.) But a Mack order does not foreclose decision in pending suits. Because plaintiffs' opening brief was on file before the Mack order, we now resolve this case on the merits.
 
 
 2
 Plaintiffs, who are not attorneys, filed a rambling complaint against the Supreme Court of Illinois, the Attorney Registration and Disciplinary Commission, and members of the ARDC's staff. Plaintiffs believe that they are very big fish; according to their brief,
 
 
 3
 both plaintiffs are under active surveillance and active investigation by defendant A.R.D.C. in joint operations with various state and federal espionage and intelligence agencies, including but not limited to IRS Criminal Investigation Division and Intelligence Division, the Federal Bureau of Investigation, and the U.S. Treasury's Alcohol, Tobacco and Fire-Arms, military intelligence groups and units, Army Security Agency, National Security Agency, among others.
 
 
 4
 Even Soviet spies did not receive such close scrutiny. These sweeping generalities come with a dearth of specifics. What these agencies did--and why those acts violate their rights--plaintiffs do not relate. They tell us only that the ARDC has asked attorney Christian Henning (who is not a plaintiff) some questions about Andreuccetti, and that the ARDC once "grilled" Skolnick "about his research and investigation of judicial and other corruption." Plaintiffs do not explain how these acts injured them, or what legal rights were violated--let alone how a federal court could interfere with the ARDC's proceedings, consistent with principles of Younger v. Harris, 401 U.S. 37 (1971). Compare Greening v. Moran, 953 F.2d 301 (7th Cir.1992), with Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 602 (7th Cir.1992).
 
 
 5
 The district court dismissed plaintiffs' complaint for want of standing, observing that they have not identified any injury that could be redressed by a favorable judicial decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). As non-attorneys, plaintiffs are not regulated by the ARDC. (They do not claim to be at risk of prosecution for the unauthorized practice of law, and at all events it is not the ARDC that enforces these laws.) Whatever grievances members of the bar might have with the ARDC's rules and procedures, plaintiffs have none. Their proposed amended complaint did not cure this problem, so the district court properly denied their motion for leave to file it.
 
 
 6
 On appeal, plaintiffs all but ignore the ground on which they lost in the district court. One argument heading in their brief asserts that they have standing, but they do not attempt to show how. Instead, their brief is devoted to fulmination against the state and federal judiciaries, the United State's Attorney's Office in Chicago, and other public officials--it is a litany of grievances unrelated to the defendants or to any concrete legal grievance. The complaint was frivolous, the appeal is frivolous, and an additional award of sanctions appears to be in order. Plaintiffs have 14 days to show cause, if any they have, why sanctions should not be awarded under Fed. R.App. P. 38.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)