**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2008[*]
Decided June 18, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3567

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GLENN A. McCANDLISS,    *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 03 C 807 |
| BATUR C. SEKENDUR,    *Defendant-Appellant.* | James F. Holderman, *Chief Judge.* |

**O R D E R**

Batur Sekendur applied for and received disability benefits from the Social Security Administration ("SSA") but, at the same time, verified on other federal documents that he is not disabled. Glenn McCandliss, Sekendur's former attorney in an unrelated matter, brought this *qui tam* action as relator on behalf of the government under the False Claims

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(A)(2).

Act ("FCA"), *see* 31 U.S.C. §§ 3729(a), 3730(b), to recover the money Sekendur obtained from the SSA. The government declined to take over the litigation, *see id.* § 3730(b), and after a bench trial the district court found that Sekendur had violated the FCA and ordered him to pay roughly $1.5 million in damages. On appeal Sekendur asserts that his receipt of disability benefits proves that he is disabled and that McCandliss initiated this lawsuit because he has a personal vendetta against him. The evidence set forth at trial supports the district court's judgment; therefore, we affirm.

Sekendur filed his first claim with the SSA in February 1992, claiming disability due to neck and muscle pain, chronic fatigue, and migraine headaches. According to Sekendur, his disability had begun in May 1991 and left him unable to perform his former work as a dentist. His claim was denied, and in August 1992 Sekendur moved for reconsideration, alleging that his pain (and other symptoms) had worsened and that he also suffered from depression. Sekendur's claim was again denied, so he then submitted additional documents to prove that his condition had deteriorated. In May 1994 the SSA conducted a hearing on his application, and at that hearing Sekendur and his brother testified to his incapacity. The ALJ credited their testimony, and Sekendur was awarded disability benefits in October 1994.

Meanwhile, in October 1991, several months after the onset of his alleged disability, Sekendur had applied for a student pilot's license from the Federal Aviation Administration ("FAA"). Sekendur was required to certify that he did not have a disqualifying medical condition and pass a physical examination given by an FAA-designated medical examiner. The application also required Sekendur to disclose conditions that include frequent or severe headaches, depression, anxiety, and any "other illness, disability, or surgery." Sekendur represented under penalty of perjury that he had never suffered from any of these impairments. He was also examined by an authorized medical examiner, who determined that Sekendur had no infirmities. In December 1993 Sekendur was again examined and passed by an authorized medical examiner after he had obtained his private pilot's license. Additionally, in December 1992 Sekendur renewed his dental license with the Illinois Department of Professional Regulation ("IDPR"), and in his renewal application he again affirmed that he "did not have any disease or condition that would interfere with his ability to practice dentistry."

In 1994 Sekendur allowed his brother (who is not a dentist) to use his dental license to start a dental practice. Though Sekendur continued to receive disability benefits from the SSA, he also treated patients at his brother's office. In 2001 the SSA discovered that Sekendur's brother was operating a dental practice in his name, but when he was questioned by the SSA, Sekendur told the interviewer that he had not worked in his brother's office.

In August 2002 McCandliss filed this lawsuit, claiming that Sekendur and his brother had violated the FCA. After discovery the parties moved for summary judgment, but the district court concluded that genuine issues of material fact existed, denied both motions, and conducted a bench trial. At trial the physicians who passed Sekendur when he obtained his FAA medical certifications testified that he had not disclosed any medical impairments to them, and that their physical examinations had led them to conclude that Sekendur was in good health. One doctor opined that Sekendur's assertions of disability to the SSA could not possibly be true.

In his testimony Sekendur insisted that he suffered from a disability. He admitted that he obtained pilot's licenses during the period of his alleged disability, but asserted that he simply stopped flying when his pain worsened. Sekendur also acknowledged having engaged in the following activities from May 1991 to August 2002: downhill skiing, horseback riding, whitewater rafting, rollerblading, and motorcycling. But, according to Sekendur, he participated in these activities only when he was feeling well. Sekendur also conceded that he had affirmed, under penalty of perjury, that he did not have any medical condition that would interfere with his ability to practice dentistry on his application to the IDPR. But, Sekendur asserted, it was the IDPR he lied to, not the SSA.

In its role as factfinder, the district court first determined that Sekendur was not a credible witness. The court noted the inconsistency between his claim of disability and the strenuous physical activities he participated in, as well as the fact that Sekendur had passed two physical examinations performed by FAA-designated doctors. The district court concluded that Sekendur had been untruthful about his reported disability. The court then determined that Sekendur and his brother had knowingly defrauded the SSA in violation of the FCA and awarded treble damages, *see* 31 U.S.C. § 3729(a), to McCandliss and the government.[**] Sekendur moved for a new trial, arguing that the verdict was contrary to the weight of the evidence. After reiterating its finding that Sekendur was not credible, the district court concluded that the evidence supported its decision and denied Sekendur's motion.

On appeal Sekendur argues that the SSA's initial award of disability benefits supports his contention that he is disabled, and thus, he did not violate the FCA. The FCA was enacted to "'provide for restitution to the government of money taken from it by

---

[**] In December 2005 we sanctioned Sekendur's brother under *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). He had not paid the sanction by the time of trial and thus was not permitted to participate. The district court entered judgment against him based on Sekendur's testimony and the other evidence presented at trial.

fraud.'" *United States ex rel. Augustine v. Century Health Servs., Inc.*, 289 F.3d 409, 413 (6th Cir. 2002) (quoting *United States v. Hess*, 317 U.S. 537, 551 (1943)). The FCA imposes liability on any person who knowingly presents a false or fraudulent claim to an employee of the United States government, knowingly makes or uses a false statement to get a claim approved by the government, or conspires to defraud the United States by obtaining payment on a false claim. *See* 31 U.S.C. § 3729(a)(1)-(3); *United States ex rel. Crews v. NCS Healthcare of Ill. & NCS Healthcare, Inc.*, 460 F.3d 853, 855-56 (7th Cir. 2006). We review the district court's conclusions of law de novo and its findings of fact for clear error. *See Brooks v. United States*, 64 F.3d 251, 255 (7th Cir. 1995).

In this case the district court had plenty of reasons to conclude that Sekendur had violated the FCA. Sekendur submitted contradictory statements to the SSA and the FAA regarding his disability status, and the FAA physicians who examined him found no evidence of disability. Sekendur's only explanation for the discrepancy is that he gave "incorrect answers" on his forms to the FAA. Given this response, the district court did not err in concluding that Sekendur simply was not being truthful. *See generally Lee v. City of Salem, Ind.*, 259 F.3d 667, 676 (7th Cir. 2001) (noting that seemingly contradictory statements of disability can coexist, but only when the plaintiff adequately explains the discrepancy). Sekendur also swore to the IDPR, under penalty of perjury, that he was not disabled, and though he now suggests he was lying to that state agency rather than to the SSA, the district court was not compelled to believe him and could properly conclude that he was never disabled. *See United States v. Rettenberger*, 344 F.3d 702, 704-05 (7th Cir. 2003) (noting that factfinder was entitled to disbelieve defendant's disability claim given defendant's ability to engage in substantial physical activity including skiing, whitewater rafting, and riding a motorcycle during period of alleged disability). Moreover, the vigorous physical activities that Sekendur undertook during the period of his professed disability belies his claim to the SSA that he suffered from substantial medical impairments.

Sekendur also suggests that McCandliss, who Sekendur previously sued for malpractice, brought this action in order to "exact revenge." Sekendur has no evidentiary support for this allegation. Moreover, because the district court was presented with ample evidence to conclude that Sekendur violated the FCA, McCandliss's motivation in pursuing this case is not relevant. *See generally Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) (noting that FCA relies, in part, on private individuals to help uncover fraud against government).

AFFIRMED.