NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 3, 2010[*]
Decided August 4, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1121

|  |  |
|---|---|
| TADEUSZ WOINSKI, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant,* | |
| *v.* | No. 09 C 7468 |
| RICHARD R. CUEVAS, et al., | Suzanne B. Conlon, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Tadeusz Woinski has filed three identical complaints against Cook County employee Richard Cuevas and others, claiming that Cuevas issued him fake building-code citations, had him falsely arrested multiple times, and trashed his property after Woinski refused to accede to his demands for bribes. In the first suit, Woinski won a $10,000 default judgment against Cuevas. *Woinski v. Cuevas*, No. 96 CV 4952 (N.D. Ill. Jan. 22, 1998) (unpublished

---

[*]The defendants were not served with process in district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(B).

order).  The second suit was promptly dismissed on res judicata grounds.  *Woinski v. Cuevas*, No. 99 CV 6365 (N.D. Ill. Sept. 30, 1999) (unpublished order).  And this one, likewise, was dismissed as barred by the previous two filings.  Woinski appeals.

After a litigant brings a federal action that proceeds to a final judgment, the litigant cannot bring another case about the same events against the same people, even if there were errors in the original suit.  *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008); *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009); *In re Ingersoll, Inc.*, 562 F.3d 856, 861 (7th Cir. 2009).  Here, Woinski's first lawsuit concerning Cuevas's alleged extortion and retaliation proceeded to a final judgment, and that judgment bars this suit and any future claims stemming from the extortion and retaliation, no matter how inadequate the original judgment appears to Woinski.  We warn Woinski that any future litigation based on these already-litigated events may result in sanctions against him.  *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED.