NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2011[*]
Decided May 18, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, Circuit Judge

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-3031

|  |  |
|---|---|
| DOMINIC SABBIA, SR.,<br>        *Plaintiff-Appellant*,<br><br>        *v.*<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security, et al.,<br>        *Defendants-Appellees*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 1:09-cv-03768<br><br>Elaine E. Bucklo,<br>*Judge*. |

**O R D E R**

Sabbia filed this suit pro se against the Commissioner of Social Security, ostensibly seeking review of the denial of disability benefits, *see* 42 U.S.C. § 405(g). The

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C).

district court granted summary judgment in favor of the Commissioner.  On appeal, Sabbia does not challenge that ruling.

Sabbia instead challenges only an earlier interlocutory ruling, in which the district court denied his request to add unrelated claims to his complaint.  In that denial, the district court made clear that "none of the additional claims in [his] filings were part of this litigation . . . [T]his case is limited to . . . one claim, namely, his request for review of the SSA's denial of his application for benefits."  *Sabbia v. Comm'r of Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 917, 922-23 (N.D. Ill. 2009).  Sabbia now contends that subsections 405(g)-(h) of the Social Security Act are unconstitutional in that they prevented him from raising additional claims, such as mail fraud and claims under the Crime Victims' Rights Act of 2004.  Although section 405 limits the kinds of claims that a claimant may assert against the Social Security Administration to recover disability benefits, those limitations are constitutional.  *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000); *Weinberger v. Salfi*, 422 U.S. 749, 762 (1975); *Michael Reese Hosp. & Med. Cent. v. Thompson*, 427 F.3d 436, 440-41 (7th Cir. 2005).

Sabbia has become a frequent filer of baseless suits.  He has filed more than ten frivolous lawsuits and sixteen frivolous appeals in this Circuit alone.  Indeed, in this very appeal, in denying Sabbia's petition for mandamus relief, we admonished him that this case involved *only* the review of the denial of social security benefits.  And twice we informed him that his contentions under the Crime Victims' Rights Act have no merit. *In re Dominic Sabbia*, No. 10-3316 (7th Cir. Oct. 7, 2010); *In re Dominic Sabbia*, No. 07-1368 (7th Cir. Feb. 21, 2007).  Similar warnings were made by the district court:  Sabbia must discontinue his practice of raising extraneous claims . . . ."  *Sabbia v. Comm'r of Soc. Sec. Admin.*, 735 F. Supp. 2d 978, 981, n.3 (N.D. Ill. 2010); *Sabbia v. Comm'r of Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 922-23 (N.D. Ill. 2009).  We have previously warned Sabbia that further frivolous appeals would subject him to monetary fines and a possible bar under *Support Systems International v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).  *See In re Dominic Sabbia*, No. 07-1368 (7th Cir. Feb. 21, 2007).  By filing this baseless appeal, Sabbia has flouted our warnings.

The judgment is AFFIRMED, and Sabbia is ORDERED to show cause within 14 days why he should not be barred from proceeding *in forma pauperis* in any future filings.  Failure to respond will result in the loss of the privilege to proceed *in forma pauperis* in this court.