**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 17, 2010[*]
Decided March 3, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 09-3062 | |
| FRANKLIN C. EDMONDS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | |
| OPERATING ENGINEERS LOCAL 139, *Defendant-Appellee*. | No. 08-cv-644-bbc Barbara B. Crabb, *Chief Judge*. |

### Order

Franklin Edmonds has filed at least three race-discrimination suits against his union, which he contends is not assigning African-Americans to construction projects on the same basis as it assigns white workers. In the first suit, filed in the Eastern District of Wisconsin in 1997, Edmonds was one of several class representatives. A consent decree was entered in 2002; a court-appointed monitor kept tabs on the union's compliance. When Edmonds contended that the union had violated its obligations—and should have made the out-of-work list available to him so that he as well as the monitor could supervise compliance—the Eastern District rejected Edmonds's contentions. The monitor concluded, and the district judge found, that the union had performed its obligations and is not required to give Edmonds copies of the out-of-work lists. After the decree had been in force for five years, the district court found on March 30, 2007, that the union was not engaged in discrimination and ended its obligations under the decree.

Edmonds then sued in the Western District of Wisconsin. That suit, No. 08-cv-567-bbc, was dismissed on the ground of claim preclusion (res judicata). 620 F. Supp. 2d 966 (W.D. Wis. 2009). Edmonds did not appeal—but neither did he accept defeat. He urged

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

this third suit, which like the second has been dismissed as precluded to the extent that it rests on federal law. 2009 U.S. Dist. LEXIS 61146 (W.D. Wis. July 17, 2009). The district court relinquished supplemental jurisdiction of claims under state law. 28 U.S.C. §1367(c)(3). This time Edmonds appealed.

The district judge rightly concluded that the suit is barred twice over—not only by the action in the Eastern District of Wisconsin but also by the first action in the Western District. The claims and parties are the same; both of the other suits went to final judgment; all elements of claim preclusion have been established. See *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008). What is more, Title VII has its own rule of preclusion, which prevents further litigation about matters covered by consent decrees. 42 U.S.C. §2000e–2(n). The district court's careful opinion does not require repetition or elaboration here.

But we do have one thing to add. Edmonds has been litigating against the union for 13 years. His argument that the union must make the out-of-work lists available to him has been rejected three times. The doctrine of claim preclusion implements a fundamental norm that one round of litigation suffices. Edmonds must understand that any further suits based on the same allegations and contentions will subject him to sanctions, potentially including not only fines but also an order directing clerks of court to return his papers unfiled. See *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995); *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995). If the union embarks on a discriminatory course that differs from the practices alleged in these three suits, then Edmonds is free to file a charge of discrimination with the EEOC and follow up with litigation. But if the union simply continues to behave as it has done in the past, no more litigation is appropriate. The doctrines of issue and claim preclusion may be hard for a non-lawyer to understand; Edmonds should consult with legal counsel before filing any further suits. In the end, however, Edmonds must bear personal responsibility for his choices, and further suits making the same allegations will simply lead to sanctions.

AFFIRMED