**Tyrone HURT, Plaintiff–Appellant,**

v.

**FERGUSON, MISSOURI, et al.,
Defendants–Appellees.**

No. 15–2814.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 19, 2016.[*]

Decided Jan. 20, 2016.

Tyrone Hurt, Washington, DC, pro se.

Before RICHARD A. POSNER, Circuit Judge, FRANK H. EASTERBROOK, Circuit Judge and DIANE S. SYKES, Circuit Judge.

### ORDER

Tyrone Hurt, a resident of Washington, D.C., is a serial filer of frivolous and indecipherable lawsuits. In this latest illegible complaint, Hurt has sued a swath of defendants, including the cities of Ferguson, Missouri; Cleveland, Ohio; and Baltimore, Maryland; "forty-seven (47) states"; the federal government; and "all law enforcement officials within this nation." The district court screened Hurt's complaint under 28 U.S.C. § 1915(e)(2) and dismissed the case as frivolous. After noting that Hurt previously had filed eight other

* The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* Fed. R.App. P. 34(a)(2).

frivolous suits in the Southern District of Indiana and been warned that further frivolous filings risked sanctions, the court imposed a bar prohibiting Hurt from filing any new cases in the district without prepaying the filing fee. The district court noted that other courts had also imposed filing restrictions on Hurt. *See, e.g., Hurt v. Soc. Sec. Admin.,* 544 F.3d 308, 311 (D.C.Cir.2008); *Hurt v. United States,* 2013 WL 6489951 (D.Mass. Dec. 5, 2013).

This appeal is frivolous. We agree with the district court's dismissal in this case and think the imposition of sanctions against Hurt was proper. In addition to the eight frivolous lawsuits filed in the Southern District of Indiana, Hurt also has filed two suits in the Western District of Wisconsin and ten appeals to this court.[1] We now order Hurt to show cause within 14 days why the court should not impose sanctions under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal. Possible sanctions include revocation of Hurt's IFP status, a fine, and an order under *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995), barring Hurt from filing any other litigation in this circuit

until he has paid all the fees he owes to the district courts in this circuit and to us.

AFFIRMED

**Daniel L. MASARIK, Petitioner–
Appellant,**

v.

1. *See Hurt v. Germany,* No. 1:15–cv–00939–JMS–DKL (S.D.Ind. June 17, 2015); *Hurt v. City of Chicago,* No. 1:15–cv–00623–RLY–DML (S.D.Ind. May 12, 2015), *appeal dismissed* No. 15–2487 (7th Cir. Oct. 29, 2015); *Hurt v. U.S. House of Representatives,* No. 1:14–cv–01847–JMS–DKL (S.D.Ind. Jan. 27, 2015), *appeal dismissed* No. 15–1673 (7th Cir. Aug. 14, 2015); *Hurt v. Tuskegee Airmen,* No. 1:14–cv–01866–LJM–TAB (S.D.Ind. Dec. 16, 2014); *Hurt v. Soc. Sec. Admin.,* No. 1:14–cv–02015–WTL–TAB (S.D.Ind. Dec. 11, 2014); *Hurt v. Unknown,* No. 1:14–cv–02016–TWP–DKL (S.D.Ind. Dec. 11, 2014), *appeals dismissed,* Nos. 15–1707 (7th Cir. June 22, 2015), 15–2268 (7th Cir. Aug. 7, 2015); *Hurt v. United States,* No. 1:14–cv–01846–TWP–DKL (S.D.Ind. Dec. 9, 2014), *appeal dismissed,* No. 15–1916 (7th Cir. Aug. 7, 2015); *Hunt v. Hinson,* No. 1:14–cv–01781–TWP–

TAB (S.D.Ind. Nov. 5, 2014), *appeals dismissed Hurt v. Hinson,* Nos. 14–3561 (7th Cir. Jan. 22, 2015), 15–1667 (7th Cir. June 22, 2015), 15–1668 (7th Cir. June 22, 2015) (docketed in the district court under the name "Tyrone Hunt"); *Hurt v. D.C. Gov't,* No. 3:13–cv–00033–bbc (W.S.D.Wis. Feb. 15, 2013), *summarily aff'd* No. 13–1413 (7th Cir. Apr. 5, 2013); *Hurt v. Paige,* No. 3:12–cv–00939–bbc (W.S.D.Wis. Feb. 15, 2013), *summarily aff'd* No. 13–1412 (7th Cir. Apr. 5, 2013). Hurt's frivolous filings are hardly limited to the Seventh Circuit. *See Hurt v. Encinia,* 2015 WL 6674820, at *3 (S.D.Tex. Oct. 30, 2015) (counting 468 civil actions filed by Hurt in district courts across the country since 1985).
* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is

unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).