NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2016[*]
Decided February 22, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3184

| | |
|---|---|
| ALEKSANDER SKARZYNSKI,<br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:15cv41 |
| CENTRAL INTELLIGENCE AGENCY,<br> *Defendant-Appellee*. | William C. Lee,<br> *Judge*. |

## O R D E R

Aleksander Skarzynski sued the Central Intelligence Agency alleging that it had tasked an uneducated and inexperienced officer with planning the raid on Osama bin Laden's hideout in 2011, and that the officer's errors endangered the country's national security and almost cost the lives of the members of the Navy SEALs team that carried out the raid. For relief, he requested that the CIA revise its hiring policies to ensure that only "appropriately qualified people" who meet "society expectations for

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

diversity" are hired. The CIA moved to dismiss the case and 21 days later Skarzynski moved to add a claim under the False Claims Act, 31 U.S.C. §§ 3729–3733, alleging that the agency had deceived the public regarding certain aspects of the raid. A magistrate judge denied the request to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) because amendment would be futile. Skarzynski then requested a 2½-hour hearing before the district court so he could discuss "publically [sic] available documents pertinent to [his] case" and present legal arguments "previously undisclosed" in his earlier filings. The district court denied Skarzynski's request for a hearing and then dismissed the case, explaining that the claim—nothing more than an expression of Skarzynski's opinion regarding the raid—was insubstantial and therefore failed to invoke the court's subject-matter jurisdiction. It also concluded that Skarzynski lacked standing because he failed to allege a concrete or particularized injury.

On appeal Skarzynski generally challenges the dismissal of his complaint, but we affirm. Skarzynski has no standing to bring this case. He asserts that the CIA's carelessness harmed national security generally and thereby harmed him, but this is hardly a "concrete and particularized injury" necessary to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 660–61 (7th Cir. 2015). Nor did the district court abuse its discretion in denying Skarzynski's request for a hearing. District courts may, at their discretion, rule on motions without an oral hearing, *see* FED R. CIV. P. 78(b); N.D. IND. L.R. 7-5(c)(1); *Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996), and we see no basis to question the court's decision here. Finally, although Skarzynski should have been allowed to amend his complaint (having requested to do so within 21 days of the CIA's motion to dismiss, *see* FED. R. CIV. P. 15(a)(1)(B)), any claim under the False Claims Act would have been frivolous. A claim under that act is brought, not against the federal government, but on behalf of the government against a defendant who made a false statement to obtain money from the government. *See United States ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 822 (7th Cir. 2011).

This appeal is frivolous. We order Skarzynski to show cause within 14 days why the court should not impose sanctions under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal. If Skarzynski fails to pay any fine imposed as a sanction, he may be barred from filing any other litigation in this circuit until he has done so. *See Support Sys. Int'l., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED