**Michael H. WU and Christine T. Wu, Plaintiffs–Appellants,**

v.

**PRUDENTIAL FINANCIAL, INC., et al., Defendants–Appellees.**

Nos. 15–2877 & 15–2880

United States Court of Appeals, Seventh Circuit.

Submitted May 31, 2016 *

Decided June 1, 2016

Michael H. Wu, Pro Se.

Christine T. Wu, Pro Se.

---

* After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2)(C).

Stephanie A. Scharf, Attorney, George D. Sax, Attorney, Scharf Banks Marmor LLC, Chicago, IL, for Defendants–Appellees Prudential Financial, Incorporated, Prudential Insurance Company of America, Pruco Life Insurance Company.

Timothy R. Handell, Brandon A. Carnes, Attorney, Rock Fusco & Connelly, LLC, Chicago, IL, for Defendant–Appellee T. Rowe Price Associates, Inc.

Miriam G. Bahcall, Attorney, Julia D. Riedel Emfinger, Attorney, Greenberg Traurig, LLP, Chicago, IL, for Defendants–Appellees Citigroup, Incorporated, Citigroup Global Markets Incorporated.

Catherine Wozniak Joyce, Attorney, Cristina Covarrubias, Attorney, Winston & Strawn LLP, Chicago, IL, for Defendant–Appellee LSV Asset Management.

Before FRANK H. EASTERBROOK, Circuit Judge, MICHAEL S. KANNE, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge

## ORDER

Michael and Christine Wu are contumacious litigants. After they purchased a Prudential variable annuity from a Citigroup representative in 2010, twice they brought suits against Prudential, Citigroup, and a host of other financial-services companies and related individuals alleging fraudulent practices in the management of the annuity. The first suit was dismissed after the Wus repeatedly failed to comply with pleading requirements under the Federal Rules of Civil Procedure, leaving the district court and the defendants with little idea of the nature of their claims. The second was barred by claim preclusion, after the district court expressed exasperation that the Wus had dishonored a promise to hire counsel and seek arbitration rather than file another suit pro se. The

Wus appeal both judgments, and we affirm.

In July 2014 the Wus, proceeding pro se, brought a sprawling 52-page complaint that charged Prudential, Citigroup, and other financial-services firms and their representatives (30 defendants in all) with some 37 securities-law violations concerning transactions involving the annuity. The district court told the Wus that their complaint was "literally impenetrable" and "so violative of pleading principles that it is somewhat difficult to know where to start." The court then dismissed the complaint without prejudice for failure to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). Because the Wus had disclosed in their request for recruitment of counsel that they possessed substantial assets, the court recommended that they hire counsel to shape an acceptable complaint.

Two weeks later, the Wus, still proceeding pro se, submitted an amended complaint, which the judge deemed an "impenetrable mish-mosh" and "little better than the first one." The judge admonished them that it was not his responsibility "to play the role of a gold prospector" with their complaint and noted that they evidently had disregarded his suggestion that they seek legal assistance. This time the judge dismissed the suit with prejudice.

At a subsequent hearing on the Wus' motion to allow a proposed second amended complaint, the court granted their request to change the prior judgment to dismissal without prejudice so that they could file a private arbitration claim with the Financial Industry Regulatory Authority (FINRA).

Rather than proceeding to arbitration, however, the Wus returned to federal court and filed another complaint alleging the same operative facts as were pleaded

in the earlier complaint and adding a claim for breach of contract. The court, pointing out that the Wus had represented that they planned to take their suit to arbitration, vacated the dismissal without prejudice in the first suit under Rule 60, re-entered a dismissal with prejudice, and then dismissed this new complaint on the ground of claim preclusion.

The Wus then hired counsel and moved to amend the judgment under Rule 59(e) in each of the two suits, but the court denied these motions because the Wus did not timely submit a new proposed complaint showing that they could now, with counsel's assistance, possibly state a claim, and, in any event, their belated submission appeared to be advancing—impermissibly—new theories of relief under state law.

■ The Wus brief on appeal is hard to parse, but we understand them generally to challenge the district court's decisions to reinstate the dismissal with prejudice in their first suit and dismiss their second.[1] They maintain that in the second suit they adequately stated a breach-of-contract claim against one of the Prudential subsidiaries, Pruco Life Insurance Company, but, as the defendants point out, the Wus don't even specify which contract terms they allege to be violated. Moreover, the district court properly assessed that all of the Wus' claims in the second suit arose from the same operative facts as the first and thus were precluded by the dismissal with prejudice in the earlier case. *See Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chi., Inc.*, 649 F.3d 539, 547 (7th Cir. 2011). And the district court acted within its discretion under Rule 60 in vacating its order dismissing the first suit without

prejudice, a dismissal that the Wus had obtained through a false promise to take their case to arbitration.

The Wus' appeals are frivolous. We order them to show cause within 14 days why the court should not impose sanctions under Federal Rule of Appellate Procedure 38 for filing frivolous appeals. If the Wus fail to pay any fine imposed as a sanction, they may be barred from filing any other litigation in this circuit until they have done so. *See Support Sys. Int'l., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED.

---

1. The defendants argue that the Wus' two postjudgment motions were too insubstantial to qualify as motions under Rule 59(e) that could toll the time to appeal the underlying dismissals. We disagree with that argument because the Wus in their motions did give at least some substantive reasons for the court to reconsider its judgments. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014).