**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted February 26, 2019[*]

Decided March 4, 2019

Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 18-3605<br><br>THOMAS JOHN CARTER,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>JPMORGAN CHASE BANK, N.A.,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 18 C 7088<br>Rebecca R. Pallmeyer,<br>*Judge.* |

**Order**

    Thomas John Carter sued JPMorgan Chase Bank four times, seeking redress for an incident on April 24, 2014, in which the Bank's security staff did not accept his military credentials. After Carter lost the third of these suits (on the ground of claim preclusion, also known as res judicata) we told him that any further effort

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). Circuit Judge Flaum was drawn to replace Circuit Judge Williams, who has retired. We have concluded that oral argument would not aid the court. See Fed. R. App. P. 34(a)(2)(C).

to litigate claims arising from the events of that day would lead to financial and other penalties. *Carter v. JPMorgan Chase Bank, N.A.*, No. 17-1801 (7th Cir. July 26, 2017) (nonprecedential disposition). Within a month, Carter filed a fourth suit, which was promptly decided against him; he did not appeal, so we did not have an occasion to determine the consequences of his defiance.

Carter soon filed a fifth suit, contending that once again (on November 7, 2017) an employee of the Bank failed to treat his military ID card as valid. This suit was dismissed. *Carter v. JPMorgan Chase Bank, N.A.*, 2018 U.S. Dist. LEXIS 150419 (N.D. Ill. Sept. 5, 2018). Carter did not appeal. Instead he filed a sixth suit containing materially identical allegations about the events of November 7, 2017. That suit was dismissed on the ground of claim preclusion, and Carter has appealed to us. He contends that he has fixed the defects of the complaint in the fifth suit and therefore is entitled to continue litigating.

This campaign of litigation must stop. We warned Carter after his third suit that sanctions were in prospect. We are now at suit six, and though the date of the asserted wrong has changed, the theory of liability has not. The decision in the current suit was right, for the reasons District Judge Pallmeyer gave. The claim is the same; that Carter thinks he has filed a better complaint is neither here nor there. The doctrine of preclusion limits to one the allowable number of suits arising from a single grievance. The judgment is affirmed for the reasons in the district court's opinion.

Carter appears to be pursuing a vendetta against the Bank. This is an abuse of the legal process. We invite the Bank to file, within 14 days, a statement of all expenses, including attorneys' fees, it has incurred in all three of the suits that Carter filed after our decision of July 26, 2017. Carter will then have 14 days to explain why he should not be ordered to reimburse the Bank's expenses in full and pay a penalty of $2,000 under Fed. R. App. P. 38. If we impose a penalty or order reimbursement, Carter will be barred from further litigation until he pays in full. See *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).