NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 23, 2019*
Decided April 24, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-3362

| | |
|---|---|
| ERNEST COLLINS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:17-CV-3697 RLM-DLP |
| BARNES & THORNBURG LLP, *et al.*,<br>    *Defendants-Appellees*. | Robert L. Miller, Jr.,<br>*Judge*. |

## O R D E R

Ernest Collins filed a complaint challenging events that happened forty years ago—his discharge from Western Electric in 1978 and an unfavorable disposition in an employment-discrimination lawsuit that he brought in 1980. In this new suit, he alleges that Western Electric fired him because of his race and that its lawyers stole documents

---

* Defendants were not served in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

and money from him. The district court dismissed the complaint as time-barred and frivolous.

On appeal, Collins does not engage the district court's reasoning but remains dissatisfied with its decision. The court, however, was correct that Collins's claims are time-barred. Because Collins waited forty years to bring this discrimination action, it is untimely under both Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-5(e)(1), (f)(1) (deadline for filing EEOC charge is within 300 days of discriminatory act; deadline for bringing civil suit is within 90 days of receiving notice of right to sue), and 42 U.S.C. § 1981, *see* 28 U.S.C. § 1658(a); *Campbell v. Forest Pres. Dist. of Cook Cty.*, 752 F.3d 665, 668 (7th Cir. 2014) (four-year statute of limitations for wrongful-termination claims under § 1981).

We caution Collins to refrain from pursuing further frivolous actions, or he may be sanctioned and prohibited from future filings in this court and in the district courts within the judicial boundaries of the Seventh Circuit. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995).

AFFIRMED