NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2020[*]
Decided May 20, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 20-1352

| | |
|---|---|
| JOSEF TSAU,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 20-cv-1021 |
| UNITED STATES OF AMERICA,<br>    *Defendant-Appellee.* | Sharon Johnson Coleman,<br>*Judge*. |

**O R D E R**

Josef Tsau sued the United States government, alleging that it has long funded the teaching of a religion in the guise of science, in violation of the First Amendment. Through a "breakthrough scientific discovery," Tsau says he has uncovered flaws in the theories that underlie mainstream physics, thereby proving that the discipline is not a

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

science but a religion founded on unsupported beliefs about the universe. By funding physics research and education, he explains, the federal government has improperly promoted this religion. Tsau asked the district court to "stop the corruption of our government to save our science, science education, and to protect the law of the First Amendment[.]" The court dismissed the case for lack of subject-matter jurisdiction, concluding that Tsau lacked standing to sue because he had not alleged a concrete and particularized injury traceable to the government's conduct.

On appeal, Tsau challenges the ruling that he lacked standing and asserts that he cannot get "the credit, the fame, and the financial benefit" from his discovery until the government stops its unconstitutional funding of mainstream physics. These allegations, however, are insufficient to establish an injury in fact, a requirement for standing. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992). As the party invoking federal jurisdiction, Tsau needs to demonstrate that he suffered an injury that "affect[s] [him] in a personal and individual way" and is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 n.1 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)); *see also Crabtree v. Experian Info. Sol., Inc.*, 948 F.3d 872, 876 (7th Cir. 2020). And a bald assertion that the government has deprived him credit, fame, and fortune is far-fetched, well beyond conjecture, and insufficient to confer standing. *See Crabtree*, 948 F.3d at 880 (citing cases).

This is Tsau's fifth suit against the government on the same theory, and each has been dismissed for lack of subject-matter jurisdiction. *See, e.g., Tsau v. Nat'l Sci. Found.*, No. 17 CV 3966 (N.D. Ill. May 14, 2018); *Tsau v. Nat'l Sci. Found.*, No. 10 C 6323 (N.D. Ill. Nov. 1, 2010); *Tsau v. Nat'l Sci. Found.*, 04 C 5634 (N.D. Ill. Dec. 27, 2004); *Tsau v. Nat'l Sci. Found.*, 00 CV 6 (N.D. Ill. Sept. 28, 2000). He is hereby warned that further frivolous litigation will subject him to fines and a possible filing bar under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED