NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 21, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3519

| | |
|---|---|
| DEBORAH B. BURNS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-C-1689 |
| UNITED STATES OF AMERICA | Lynn Adelman, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

This appeal is successive and frivolous. In a 2018 action, Deborah Burns sued the United States, among others, asserting claims arising out of her federal drug prosecution and conviction in 1990. The district court dismissed Burns's complaint at screening. *See* 18 U.S.C. § 1915(e)(2). We affirmed, concluding that the defendants were

---

[*] Under Operating Procedure 6(b), this successive appeal is submitted to the two remaining members of the original panel and a third judge assigned at random. The defendant was not served with process and is not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

either immune or the claims against them were time-barred. *Burns v. United States*, 762 F. App'x 338 (7th Cir. 2019). Undeterred, Burns has sued again, still alleging that the United States violated her civil rights by falsely charging her for the 1990 drug crime; she also accuses the government of "creat[ing] false cases to force enslavement." After granting Burns leave to proceed in forma pauperis, the district court screened and dismissed her complaint, explaining that her prior litigation barred the suit and, regardless, sovereign immunity protected the United States.

On appeal, Burns reasserts that the government wrongfully prosecuted her and targeted her as a minority in order to enslave her. She raised, or could have raised, these contentions in her 2018 lawsuit, because in that action she sued the United States and challenged the legality of its prosecution and conviction of her in 1990. Therefore, claim preclusion is an insuperable bar to her present action. *See Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Even if her claims were not barred, her complaint would still fail for other reasons. Among them: Burns named only one defendant—the United States. As we explained in her prior appeal, it is protected by sovereign immunity. *Burns*, 762 F. App'x at 339 (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

We have considered Burns's remaining arguments, and none has merit. We also warn Burns that if she persists in further frivolous litigation, we may sanction her with fines, the nonpayment of which could lead to a filing bar under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED