**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015[*]
Decided January 7, 2015

*By the Court*

No. 14-3015

| | |
|---|---|
| GERALD DIX, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 14 C 6091 |
| UNKNOWN TSA AGENT #1, et al., | |
|     *Defendants-Appellees*. | Charles P. Kocoras, |
| | *Judge*. |

## O R D E R

In a 50-page complaint Gerald Dix purported to bring a class action on behalf of all airline passengers who (since September 11, 2001) flew on, or were dissuaded from flying on, commercial airlines because of the actions of the defendants (a scattered collection of government employees, cities, and private entities). His claims assert violations of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). He alleges, for example, a vast, nationwide conspiracy to rig the security equipment used at airports to screen passengers so that the equipment falsely detects a forbidden object and gives federal agents an opportunity to grope passengers. He also asserts that the Department of Justice and FBI have conspired to enable terrorists

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

to kill Americans. He uses racist, homophobic, anti-Semitic, and other offensive language to inflame his allegations. The district court characterized the complaint as frivolous and dismissed Dix's lawsuit.

Dix appealed the dismissal of a similar frivolous suit just months ago. In that earlier lawsuit, Dix sued on behalf of a putative class of Metra commuters during the NATO Summit in Chicago, as well all persons who flew on, or were dissuaded from flying on, commercial airplanes since September 11, 2001. Invoking his trademark offensive language, and just as he does in the current suit, he accused defendants of (among other things) supporting jihadist attacks against America. We summarily affirmed the district court's dismissal. *Dix v. Sullivan*, No. 14-2632 (7th Cir. Dec. 8, 2014).

On appeal in this case Dix largely reiterates his gripes with the defendants, but he develops no reasoned basis for disturbing the district court's ruling that his allegations are frivolous. *See* FED. R. APP. P. 28(a)(8)(A). The complaint indeed reflects paranoid and delusional fears and is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (district courts may dismiss fantastic and delusional allegations). Thus we AFFIRM the judgment of the district court. Because Dix has filed two frivolous appeals within the last few months, we warn him that further frivolous appeals may result in sanctions. *See Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995).