NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2016[*]
Decided April 6, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1110

| | |
|---|---|
| LAURA A. JENNINGS, <br>     *Plaintiff-Appellant*, <br><br>     *v.* <br><br> CITY OF INDIANAPOLIS, *et al.*, <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:16-cv-00004-TWP-MJD <br><br> Tanya Walton Pratt, <br> *Judge*. |

## O R D E R

Appellant Laura Jennings has filed numerous cases in this court and in the district courts of this circuit—enough to earn herself a sanctions order barring her from filing any other litigation in any court in the Seventh Circuit until she has paid all the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and record. See FED. R. APP. P. 34(a)(2). Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this case has been designated as successive to No. 14-3337 and has been assigned to the same panel.

fees she owes to the district courts and to this court. See *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). But she filed the present appeal before the *Mack* order was entered, and so we will resolve it on the merits based on the documents she has already filed.

That said, her brief on appeal is hard to decipher. She writes that "[t]he Appellant filed a civil suit on January 4, 2016 in the U.S. District Court in good faith requesting a jury of her peers to hear the case presented. The monetary relief of $11,000,000 for the unrelenting, consistent endurance of acts of retaliation and/or reprisal seems a fair request." The district court understood her to be making the following allegations:

> The defendants have violated 18 U.S.C. 1331 [*sic*], 18 U.S.C. 1028 Amendment I, Amendment XIV Reprisal / Retaliation Act prior to during and to date while Plaintiff is excercising [*sic*] her right to file a complaint as guaranteed by the Constitution of the United States. Also acts of retaliation against plaintiff for filing pass [*sic*] discrimination complaint :15-2852 [*sic*] (all of which violates the Plaintiff's Civil Rights) (XIV Retaliation 42 U.S.C. § 405) and all prior cases.

The district court concluded that the complaint, even read generously, contained only bare legal conclusions and lacked sufficient facts to state a plausible claim for relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It accordingly dismissed the complaint for failure to state a claim upon which relief can be granted, see Federal Rule of Civil Procedure 12(b)(6). In keeping with this court's advice in cases such as *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2014), the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.

Jennings filed nothing in response to the court's invitation, and so on January 25, 2016, it entered a judgment under Rule 58 dismissing the action. Jennings has appealed from that order, but her appellate brief neither corrects the flaws that the district court identified nor does it make a coherent argument showing why reversal might be appropriate. We therefore AFFIRM the judgment of the district court.