**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2017[*]
Decided March 8, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-4119

| | |
|---|---|
| BRANDON J. COLLINS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-CV-1298-JPS |
| STATE OF WISCONSIN,<br>    *Defendant-Appellee*. | J.P. Stadtmueller,<br>*Judge*. |

**O R D E R**

Brandon Collins, a Wisconsin prisoner, filed a rambling and largely incoherent complaint challenging the state's jurisdiction to prosecute and incarcerate him. Collins claims to be "a trust," insists that the "corporate constitution of the United States, and the State of Wisconsin does not operate on" him, and that all judges and attorneys conspire to hide the fact that the federal government was dissolved in a 1933 "National Bankruptcy." Collins named as defendant the State of Wisconsin "doing business as" the prosecutor from his criminal case; he wants his convictions for sexual assault of a

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

child and bail jumping set aside. The district court screened Collins's complaint, *see* 28 U.S.C. § 1915A, and dismissed it on several grounds, including that a criminal conviction cannot be challenged through a civil-rights suit. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

On appeal Collins does not challenge the district court's conclusions or present a legal argument of any kind. Instead, he repeats his nonsensical assertions and contends that the "defendant should be held liable to answer" because the district court "should have proper jurisdiction unless the law is mistaken," in which "case this claim should have been transferred to the Supreme Court for further rulings." We construe *pro se* filings liberally, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but we cannot find in Collins's appellate brief any challenge to the district court's decision or any discussion of its analysis. Even *pro se* litigants must comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that an appellate brief contain a cogent argument and reasons supporting it, with citations to authority and relevant parts of the record. Although we "are generally disposed toward providing a litigant the benefit of appellate review," *Anderson*, 241 F.3d at 545, we will not craft arguments or conduct legal research on behalf of a litigant. Because Collins has not presented an argument, we are left with nothing to review.

Collins paid all fees in both the district court and on appeal, but he still incurred strikes for his complaint and this appeal. *See* 28 U.S.C. § 1915(g). We warn Collins that another strike will result in his being barred from proceeding in forma pauperis in the future. Further pursuit of frivolous litigation may also subject him to fines and an order under *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), barring him from filing further legal papers in any federal court within this circuit except for criminal cases or applications for writs of habeas corpus.

DISMISSED.