NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 3, 2019[*]
Decided April 3, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2632

| | |
|---|---|
| JOHN L. LERCH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-C-654 |
| CITY OF GREEN BAY, et al., *Defendants-Appellees*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

John Lerch, a landlord who owns low-cost rental properties in Green Bay, Wisconsin, has repeatedly sued the city and its housing inspectors for allegedly violating his equal-protection rights. (This is his fourth such suit in the past decade.) In this suit, Lerch again contends that the city has selectively enforced housing codes

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

against his properties. The district court entered summary judgment for the city and its employees. We affirm.

Because Lerch did not respond to the defendants' motion for summary judgment in the manner required by the local rules, the district court adopted the defendants' proposed findings of fact, and we do the same. *See* E.D. WIS. CIV. R. 56(b)(1)(C); *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir. 2002). For more than 30 years, Lerch regularly has received tenant complaints, code-violation citations, and raze-or-repair orders against his properties. After he failed to timely bring five of his properties up to code, the city issued orders to raze four of them (the "Klaus," "Crooks," "George," and "Ashland" properties) and to condemn the fifth (the "Broadway" property). In two prior suits, Lerch unsuccessfully challenged the orders against the Klaus, Crooks, and George properties, arguing that the city and its housing inspectors violated his equal-protection rights by enforcing housing codes more strictly against him—a "class of one"—than against other owners. *See Lerch v. City of Green Bay*, 218 Fed. App'x 502 (7th Cir. 2007) (*Lerch I*); *Lerch v. City of Green Bay*, 271 Fed. App'x 528 (7th Cir. 2008) (*Lerch II).* After the city razed the Klaus property, Lerch brought a third class-of-one action against the city, also unsuccessfully, and we upheld the judgment on claim-preclusion grounds. *See Lerch v. City of Green Bay*, 406 Fed. App'x 46 (7th Cir. 2010) (*Lerch III).*

In the complaint underlying this appeal, Lerch again brought a class-of-one challenge in response to the razing of the Klaus, Crooks, and George properties and, for the first time, asserted equal-protection claims related to his properties on Ashland and Broadway. Lerch named as defendants a few housing inspectors whom he had not sued previously, but he continued to press the same argument that he had brought against the city and other inspectors in *Lerch I*, *II*, and *III*: that the defendants selectively enforced housing codes against him and not against the owners of 14 properties with similar code violations. The district court entered summary judgment for the defendants, concluding that Lerch had not offered evidence (1) that the property owners he identified were identical to him or (2) that the defendants lacked a rational basis for issuing citations and condemnation orders based on housing-code violations.

On appeal, Lerch maintains that he has presented sufficient evidence from which it can be inferred that his properties on Klaus, Crooks, George, Ashland and Broadway are similarly situated to the 14 properties he identified. We agree with the district court that Lerch has neither identified similarly situated property owners who received better treatment than he did, nor has he offered evidence that the city lacked a rational basis

for razing or condemning his properties. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 945–46 (7th Cir. 2009). He provided no evidence that the 14 comparator properties were subject to code violations, tenant complaints, or inspections, so he did not show—as he was required to—that they were "identical in all relevant respects" to his properties. *Srail*, 588 F.3d at 945. For that matter, the evidence of the code violations on his properties provides a rational basis for razing and condemning those buildings. *See Miller v. City of Monona*, 784 F.3d 1113, 1120–22 (7th Cir. 2015).

Lerch also argues that the district court erred in striking a proposed amendment to his complaint, but we see no abuse of discretion. Lerch filed it well outside the window for amendments as of right—on the day that dispositive motions were due—and did not request permission to amend from the court or the defendants. *See* FED. R. CIV. P. 15(a); *Liebhart v. SPX Corp.*, 917 F.3d 952, 964–65 (7th Cir. 2019).

We have considered Lerch's remaining arguments and not one has merit.

Any further frivolous appeals will subject Lerch to monetary fines and a possible bar order under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED