**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2021[*]
Decided May 21, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1429

| | |
|---|---|
| MONICA SHEKAR, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:18−cv−03019 |
| OCWEN LOAN SERVICING, LLC, et al., *Defendants-Appellees*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

This protracted proceeding arises out of a dispute that Monica and Roger Shekar had with their loan-servicing company over the mortgage on their home in Streamwood, Illinois. After their suit against the company was removed to federal court, the Shekars filed a flurry of motions—seeking, among other things, remand of the case to state court and recusal of the district judge. When these efforts failed, they began

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

harassing the court and opposing counsel, so the district court eventually dismissed the case as a sanction for abuse of the judicial process. We affirm.

The Shekars initially brought this suit in state court against Ocwen Loan Services, LLC, for alleged improprieties involving their mortgage. They asserted a bevy of state-law claims and violations of the Illinois Consumer Fraud and Deceptive Practices Act.

Nearly three months later, Ocwen removed the case to federal court. The Shekars opposed the removal on the grounds that it was untimely and improper because no other defendant had consented to it. The judge disagreed, pointing out that the Shekars failed to show that they triggered the 30-day period for removal—by establishing Ocwen's receipt of service of a copy of the complaint, *see* 28 U.S.C. § 1446(b)(1)—or that any defendant other than Ocwen had been served with process.

After several unsuccessful motions to reconsider (some of which were not properly noticed), the Shekars began demanding that the judge recuse herself under 28 U.S.C. § 455(a). They accused her of case-fixing, malice, hostility, criminal conduct, and willful obstruction. They also sent profane and threatening emails to Ocwen and its counsel. At one hearing the judge cautioned Roger Shekar, who was responsible for most of this misconduct, that she regarded his harassment and threats as serious matters. Another time the judge warned him that he needed to abide by the directives in her standing order or she would dismiss the case, and further, that she would not tolerate his continued mistreatment of court staff. She also denied the recusal motions, explaining that adverse rulings are not grounds for recusal.

The proceedings then bogged down. Roger's hostility toward the judge intensified. In several filings he hurled racist remarks and outrageous accusations against her (calling her "venomous" and accusing her of "evil tort[s]") and her staff ("scorpion evil law clerks"). He also accused the judge and the former chief district judge of being involved in criminal behavior and case-fixing. On top of all that, he sent inappropriate emails to Ocwen's employees and accused Ocwen and its counsel of criminal behavior. Meanwhile, the Shekars' counsel withdrew from the case after Roger accused him of engaging in child pornography.

The judge ultimately dismissed the case as a sanction for Roger's contumacious conduct; he had shown a "complete lack of respect" through inappropriate behavior, including "vitriol and frivolous accusations" about her and other district-court judges.

And he was already a restricted filer in the district and had been warned repeatedly that his "extreme misconduct" had consequences.

Monica Shekar is participating in this appeal without Roger. In *Teledyne Technologies, Inc. v. Shekar*, No. 17-2171 (7th Cir. July 10, 2019), we imposed a filing bar against him for contempt of court; abusive filings; and threats to the court, its officers, opposing counsel, and expert witnesses. In the same case, we had earlier referred him to the U.S. Attorney's Office for possible perjury and criminal contempt proceedings. *Id.* Order (June 25, 2018); *see also* Order, *Shekar v. Am. Family Mut. Ins. Co.*, No. 12-1872 (7th Cir. June 25, 2012) (sanctioning Roger Shekar in the amount of $500 and discussing his abusive behavior). Monica sought to have Roger's filing bar lifted, but a motions panel of this court denied her request because she failed to explain why she could not receive adequate relief as the sole appellant. Order, No. 20-1429 (Mar. 27, 2020). In a later order on the same issue, another motions panel clarified that Roger Shekar's circumstances did not fit into any of the exceptions noted in *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995). Order, No. 20-1429 (Apr. 20, 2020).

Monica begins with a two-part challenge to the judge's decision to permit removal of the case. First, she maintains that Ocwen's request for removal was untimely given that Ocwen waited 84 days to remove the complaint after being informed in an email from Roger that the Shekars had brought a suit in state court against it. But as the judge correctly explained, the 30-day clock for removal does not begin running until the defendant receives "a copy of the initial pleading," *id.* § 1446(b), and the Shekars did not introduce evidence to establish that the relevant pleading was attached to the email in question. Indeed, Monica does not dispute Ocwen's assertion that it did not receive a copy of the complaint until 74 days after receiving the email and then filed a notice of removal ten days later. § 1446(b)(1).

Second, Monica reiterates that removal violated the unanimity doctrine because not all of the defendants consented to it. But the judge correctly rejected this argument. Only defendants who have been served need to consent to removal, *City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011), and no evidence reflects that any other defendant had been served before the case was removed.

Monica next challenges the judge's refusal to recuse from the case. She maintains that the judge sabotaged their "meritorious" suit out of bias and a "personal vendetta." But the judge acted well within her discretion to deny these motions. The Shekars

presented no evidence whatsoever of bias, *see United States v. Modjewski*, 783 F.3d 645, 649 (7th Cir. 2015), and bias cannot be shown through adverse rulings alone, *Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020).

As for the merits, Monica argues that the judge improperly dismissed their case as a sanction without first warning them that their actions could lead to dismissal. She characterizes this sanction as "nuclear" in its suddenness and points to earlier cases in which we admonished district courts to warn litigants explicitly that dismissal as a sanction was under contemplation. *See, e.g.*, *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003); *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993).

Although the judge did not specify which sanctioning authority she invoked, it is clear from the context that she relied on the district courts' inherent power to sanction conduct that abuses the judicial process. *See Feury v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017)); *cf*. FED. R. CIV. P. 37(b) (discovery violations), 41(b) (failure to comply with rules or court order). Advance warning before dismissing a case as a sanction is not a "rigid rule" but rather a "useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal." *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). Indeed, misconduct that is "egregious" can be punished by dismissal without advance warning. *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000).

Roger's behavior—toward the judge and her staff, other judges on the court, opposing parties, and counsel for both sides—reflects a stunning level of vitriol, vulgarity, and disrespect that amounts to an abuse of the judicial process. His extreme misconduct extended throughout the proceedings and escalated over time (and we have not even addressed the abusiveness of his postjudgment submissions). What's more, his conduct did not go without a warning: early in the proceedings, even before he uttered his most offensive remarks, the judge admonished him to comply with the court's rules or the matter would be stricken. Dismissal as a sanction for this misconduct was amply justified. We commend the judge for demonstrating remarkable patience in the face of such trying circumstances.

AFFIRMED