NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2022[*]
Decided May 6, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3363

| | |
|---|---|
| BARRY J. SMITH, SR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 20-CV-1482-JPS |
| COMMUNITY CARE INC., et al., *Defendants-Appellees.* | J. P. Stadtmueller, *Judge.* |

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

After Barry Smith, Sr. lost seven suits accusing the government of enforcing laws that he believes are racist and wrongly adverse to felons, a district judge barred Smith from filing suits that include claims "arising out of his status as a descendant of slaves or his status as a convicted felon." *Smith v. United States Congress*, No. 19-CV-1001-PP, 2019 WL 6037487, at *10–11 (E.D. Wis. Nov. 14, 2019). A year later, Smith brought this suit. He alleges that Community Care Inc. and GuardianTrac LLC, private health care providers, failed to pay Smith adequately for the care of his disabled brother. The first claim, invoking 42 U.S.C. § 1981, accuses Community Care of breaking its contract with Smith because he is a "Black descendant[] of American slaves." The second, involving the Fair Labor Standards Act, 28 U.S.C. § 201, accuses both providers of not paying Smith his due wages. The district court correctly ruled that the filing bar blocked this suit because the first claim expressly arises out of Smith's status as a "descendant[] of American slaves." Therefore, we affirm.

For over a decade, Smith has sued branches of the United States, Wisconsin, and Milwaukee governments. He protested that, because of racism directed against him as "a descendent of the slaves" and his felony conviction, public officials prevented him from owning a gun, running for office, and exercising certain other rights. *Smith*, 2019 WL 6037487, at *2. These suits were all dismissed. *Id.* at *2–3 (listing previous cases). After the seventh dismissal, the court decided to bar Smith from filing any further suits in the Eastern District of Wisconsin based on his status as "a descendent of slaves" (the phrase he uses to describe his race) or as a felon. *Id.* at *10; *see also Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 187 (7th Cir. 1995). We affirmed that dismissal without disturbing the filing bar. *Smith v. United States Congress*, 840 Fed. App'x 31, 34 (7th Cir. 2021) (nonprecedential), *cert. denied*, 142 S. Ct. 398 (2021).

In this appeal, Smith first challenges the validity of the filing bar, but we cannot consider this argument. The time to challenge that decision was on direct appeal, not collaterally in a different case. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). Smith can, however, seek relief from the filing bar by asking the judge who enacted it to modify or rescind it three years after it was enacted—which will occur in November 2022. *Smith*, 2019 WL 6037487, at *10.

Next, Smith argues that the filing bar should not block this suit because he asked the district court for leave to amend his first claim to replace "Black descendant of American slaves" with "American Negro," so as to avoid the language that triggers the filing bar. But in his previous suits, and in this one, Smith uses the phrase "descendant

of American slaves" to describe his race. *See, e.g., Smith*, 2019 WL 6037487, at \*2 (quoting Smith's allegation of "Racism directed against him as a descendent of the slaves"). The filing bar therefore blocks any suit, like this one, that includes a claim arising out of Smith's race, regardless of how he labels it.

Finally, Smith argues that the district judge in this case was biased and should be recused, but his contention is meritless. Smith relies on the facts that the judge ruled against him and previously presided over his criminal trial. But adverse rulings and information learned while presiding in court do not establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

AFFIRMED